# KELLEY DRYE & WARREN LLP

A LIMITED LIABILITY PARTNERSHIP

**101 PARK AVENUE**

**NEW YORK, NY 10178**

(212) 808-7800

,
WASHINGTON,DC
LOS ANGELES,CA
CHICAGO,IL
HOUSTON,TX
PARSIPPANY, NJ
STAMFORD, CT

AFFILIATE OFFICE
MUMBAI, INDIA

FACSIMILE
(212) 808-7897
www.kelleydrye.com

PHILIP D. ROBBEN
DIRECT LINE:(212) 808-7726
EMAIL:probben@kelleydrye.com

November 16, 2018

**VIA ECF AND EMAIL**

Hon. Robert W. Lehrburger
United States Magistrate Judge
United States Courthouse
500 Pearl Street, Room 18D
New York, New York 10007-1312

  Re: *Essar Steel Algoma Inc. v. Southern Coal Sales Corp.,* **17-MC-00360-AT-RWL**

Dear Magistrate Judge Lehrburger:

  On behalf of Defendant Southern Coal Sales Corporation ("SCSC"), we submit this letter in response to the November 13, 2018 letter submitted by counsel for Plaintiff Essar Steel Algoma Inc. ("Essar") (Dkt. 80). Essar seeks additional deposition testimony from SCSC's Rule 30(b)(6) witness, Mr. Steve Ball, along with additional document discovery. As SCSC previously explained, it produced SCSC's general ledger, which was the only additional document requested by Essar after Steve Ball's deposition, on October 30. Essar stated that it needed additional time to review that document, and Your Honor gave Essar the ability to seek that by moving letter. (Dkt. 75). Essar's latest and ever-shifting requests for full-blown discovery into the finances of SCSC – and entities that are not even parties to this litigation – should be denied.

  At the outset, it should be noted that Essar's request, if granted, would place a burden on SCSC that Rule 30(b)(6) is not intended to impose. Essar's renewed request for additional deposition testimony makes plain that Essar wants to continue asking SCSC's witness questions no witness could reasonably be prepared to address. Essar has not identified *any* particular transactions on which it seeks information. Instead, Essar wants to use a Rule 30(b)(6) deposition to conduct a forensic accounting analysis. That is not appropriate. Preparing a witness for this detailed testimony, regarding three years of transactions and accounting, would be extremely burdensome at best. It may be impossible. SCSC has fulfilled its obligations to

1

prepare and present a knowledgeable witness, and Essar should not get a "do-over," particularly where Essar spent a good part of the deposition asking about transactions involving non-parties to this case, or small dollar amounts. (*See* Dkt. 74, Exhibit A (Rough Draft Transcript of Steve Ball Deposition ("SCSC Dep."), filed under seal) at 122:3-125:19; 127:6-19).

Moreover, the information Essar seeks appears to be solely related to its "alter ego" claims against 13 companies that it seeks to add as defendants. But, in seeking to obtain the Court's leave to file an amended complaint, Essar previously assured the Court that it already had facts supporting the alter ego claim and argued there would be no delay if it were permitted to amend the complaint because no new discovery would be needed. Consistent with these representations, Your Honor previously ordered that Essar would be entitled to discovery relating to its alter ego claims but only if such information was responsive to then existing requests. (Dkt. 71 at p. 13-14).

Yet, Essar's quest now reaches well beyond its prior discovery requests, and is completely untethered from any concept of relevance or proportionality. For example, Essar complains that it cannot tell how and where sales to Essar were recorded in the financial statements, or how SCSC accounted for inventory on its financial statements. But Essar does not explain how that is relevant to their claims in this case, which are actually quite simple; *i.e.*, that SCSC failed to deliver the quantity and quality of coal called for under a contract. Essar does not, because it cannot, explain why either of these issues matter in resolving its claims.

Essar also misrepresents and selectively quotes Mr. Ball's testimony to try to paint a picture that . Mr. Ball clearly testified that ▮. (SCSC Dep. at 127:6-128:16; 168:12-169:8). He also testified that ▮. (SCSC Dep. at 119:17-23; 183:15-22). But despite having SCSC's general ledger for nearly two weeks prior to filing its letter, Essar does not identify any particular transaction on the general ledger about which it has questions. Instead, it seeks an unrestricted, full dive into SCSC's accounting and wants to have a witness testify about any number of transfers over a three-year period. That is simply not reasonable.

In a transparent effort to get around the prohibition on new alter ego discovery, Essar is seeking information for the first time by attempting to shoehorn it into prior Requests. For example, Essar seeks financial information from an unidentified company that it contends must have reported revenue from sales to Essar. It cites Request Nos. 38, 53, and 55 as prior requests to which this information is responsive. Request No. 38 asked only for information regarding SCSC's "financial condition" including ledgers and other documents. Request No. 53 asked for documents regarding SCSC's "right to receive payment for any source" and Request No. 55 seeks documents "evidencing loans or infusions of capital." None of these requests encompass a general ledger of a totally different company. In addition, information regarding the compensation of James W. Justice II and James W. Justice III is wholly irrelevant to Essar's claims, particularly where Your Honor denied Essar's request to name them as "alter ego" defendants.

SCSC has produced its financial statements, its sales information, its bank statements, the general ledger at issue, and the consolidated tax returns of Southern Coal Corporation (which includes SCSC and other subsidiaries).  Mr. Ball sufficiently testified in detail as to these financial-related topics.  Southern Coal respectfully requests that this Court deny Plaintiff's request for additional deposition testimony and discovery.  At the very least, given SCSC's pending objection to the Court's October 29, 2018 Order granting in part and denying in part Essar's letter request to amend the complaint (Dkts. 71, 82), SCSC respectfully submits that any further discovery that Your Honor may deem necessary be held in abeyance until the Objection is decided.

        Respectfully submitted,

        */s/ Philip D. Robben*

        Philip D. Robben

cc:   Counsel of Record

4825-7886-6555v.1