UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESSAR STEEL ALGOMA INC.,

                Plaintiff,

-against-

SOUTHERN COAL SALES CORPORATION,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/27/2019

17 Misc. 360 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff brings this action against Defendant for breach of a coal supply contract. ECF No. 39. On September 5, 2018, Plaintiff sought leave to file a second amended complaint, ECF No. 53, and on September 17, 2018, the Court referred the action to the Honorable Robert W. Lehrburger for general pretrial matters, ECF No. 56. On October 16, 2018, Plaintiff filed a proposed second amended complaint (the "SAC") which named fifteen new defendants on the theory that they are alter egos of Defendant such that they may be held liable along with Defendant. See SAC, ECF No. 67-1. On October 29, 2018, Judge Lehrburger issued an order granting in part and denying in part this request (the "Order"). Order, ECF No. 71. Plaintiff was permitted to amend the complaint to add thirteen entities as defendants (the "Proposed Defendants") and denied leave to amend to add two individuals as defendants. Id. On November 13, 2018, Defendant filed objections to the Order, seeking reconsideration of the portion of the Order that granted Plaintiff's request. Def. Objs., ECF No. 82. For the reasons stated below, Defendant's objections are OVERRULED and the Order is AFFIRMED in its entirety.

# DISCUSSION[1]

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 72(a) governs a district judge's review of a magistrate judge's non-dispositive pretrial rulings. It provides that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A court, therefore, "may adopt the magistrate judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law." *Pegoraro v. Marrero*, 281 F.R.D. 122, 125 (S.D.N.Y. 2012).

The Second Circuit has remarked in dicta that a motion to amend a pleading is a non-dispositive motion, *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007), and courts in this District "appear to have consistently applied the 'clearly erroneous' standard to evaluate the denial of leave to amend by a magistrate judge, regardless of whether the denial foreclosed potential claims," *Xie v. JPMorgan Chase Short-Term Disability Plan*, No. 15 Civ. 4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (collecting cases). Under this "highly deferential" standard, "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Williams v. Rosenblatt Sec., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) (internal quotation marks and citation omitted). An order is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004) (internal quotation marks and citation omitted). An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Khaldei*

---

[1] The Court presumes familiarity with the facts, as set forth in the Order, and, therefore, does not summarize them here. *See* Order at 1–3.

*v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). This "is a highly deferential standard, and the objector thus carries a heavy burden." *Id.*

Under Federal Rule of Civil Procedure 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Denial of leave to amend is proper where "undue delay, bad faith, dilatory motive, and futility" is found. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). In the absence of these circumstances, however, the Second Circuit has advised courts to "hew to the liberal standard set forth in Rule 15." *Id.*

II. Analysis

In determining whether to treat separate legal entities as alter egos, the Second Circuit has held that two prongs must be met: "(1) whether the entities in question operated as a single economic entity, and (2) whether there was an overall element of injustice or unfairness." *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 177 (2d Cir. 2008). Judge Lehrburger held that the SAC sufficiently alleges both prongs.

Defendant objects to the Order on three grounds, contending that it is clearly erroneous and contrary to law. With respect to the first prong, Defendant argues that Plaintiff has not pleaded domination or control. With respect to the second prong, it argues that Plaintiff makes no plausible allegations that the Proposed Defendants used the corporate form to perpetrate a fraud or injustice. Third, it argues that Plaintiff has not sufficiently alleged personal jurisdiction over the Proposed Defendants. The Court will consider each argument in turn.

    A. Single Economic Entity

To satisfy the first prong, a plaintiff must allege more than "mere domination and control" of the subordinate entity—it must allege "exclusive domination and control" such that the subordinate entity "no longer ha[s] legal or independent significance of [its] own." *Nat'l*

*Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 402 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).  In evaluating whether there is "exclusive domination and control," courts consider the following factors:

> whether the corporation was adequately capitalized for the corporate undertaking; whether the corporation was solvent; whether dividends were paid, corporate records kept, officers and directors functioned properly, and other corporate formalities were observed; whether the dominant shareholder siphoned corporate funds; and whether, in general, the corporation simply functioned as a facade for the dominant shareholder.

*Id.* at 403 (citation omitted).  A plaintiff need not allege all of these factors, however, only "some combination."  *NetJets*, 537 F.3d at 177; *see also Nat'l Gear*, 975 F. Supp. 2d at 403 ("[A] Plaintiff may survive a motion to dismiss by pleading other relevant allegations regarding the parent's complete domination.").

Defendant objects to the Order's "finding that [Plaintiff] sufficiently alleged that [Defendant] had 13 alter ego companies," arguing that Plaintiff has not pleaded domination and control.  Def. Objs. at 14.  The SAC, however, sets forth specific allegations supporting the assertion that Defendant was undercapitalized and that its funds were siphoned off, further contributing to undercapitalization; an inability to fund its contractual obligations; and varied and mingling of funds, employees and officers between Defendant and the Proposed Defendants.  *See, e.g.*, SAC ¶¶ 89, 93, 95–146, 161, 167, 170–71, 176–79, 181–82, 184, 186, 191–92, 196, 198, 201, 205, 207, 230.  These facts sufficiently allege that the Proposed Defendants did not treat Defendant "as a distinct economic entity."  *NetJets*, 537 F.3d at 177 (internal quotation marks and citation omitted).  Judge Lehrburger, therefore, committed no clear error in holding that Plaintiff's "allegations are sufficient to plausibly show that [Defendant] did not operate as

a 'distinct economic entity' from one or all of the [Proposed Defendants]." Order at 7–8. Accordingly, Defendant's objection is OVERRULED.

### B. Injustice or Unfairness

Defendant next argues that Judge Lehrburger improperly applied Delaware law regarding the "injustice or unfairness" prong by (1) relying on the same allegations of undercapitalization and siphoning of funds to satisfy both the "single economic entity" and the injustice or unfairness prongs; (2) failing to recognize the lack of allegations concerning abuse of the corporate form; and (3) relying on the underlying breach of contract to satisfy the injustice or unfairness prong. Def. Objs. at 7. The Court disagrees.

#### 1. Undercapitalization and Siphoning of Funds

Defendant first argues that Judge Lehrburger "allowed [undercapitalization and siphoning of funds] to meet *both* prongs of the alter ego analysis," Def. Objs. at 7, but cites no caselaw holding that the same facts cannot be considered with respect to both prongs. Indeed, the relevant caselaw suggests the contrary. *See NetJets*, at 537 F.3d at 183 ("[N]othing prevents a court, in determining whether there is sufficient evidence of fraud or unfairness, from taking into account relevant evidence that is also pertinent to the question of whether the two entities in question functioned as one."); *see also Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 151 (S.D.N.Y. 2012) ("[T]he same facts used to show that the business entities operated as a single enterprise can lend the requisite fraud or inequality."). The Court, therefore, rejects Defendant's argument that Judge Lehrburger placed undue reliance on Plaintiff's allegations regarding undercapitalization and siphoning of funds.

2. Abuse of Corporate Form

Defendant next argues that Plaintiff has not plausibly alleged abuse of the corporate form. *See* Def. Objs. at 10–12. To satisfy the injustice or unfairness prong, "a plaintiff must allege injustice or unfairness that is a result of an abuse of the corporate form," or, in other words, that an entity "exist[s] as a sham or shell through which the parent company perpetrates injustice." *Nat'l Gear*, 975 F. Supp. 2d at 406. Defendant claims that "the proposed complaint is devoid of any specific factual allegations as to how each of the Proposed Defendants abused the corporate form to carry out undercapitalization and siphoning of funds." Def. Objs. at 11. The Court disagrees.

Judge Lehrburger correctly found that "the SAC sets forth specific allegations supporting the assertion that [Defendant] was undercapitalized and that its funds were siphoned off, further contributing to undercapitalization." Order at 7 (citing SAC ¶¶ 93, 95–146). The SAC alleges that the Proposed Defendants had overlapping officers, directors, office locations, and employees. SAC ¶¶ 89, 161–62, 167, 176, 181, 184, 186, 192–93, 196–97, 201, 205–06, 230. It further alleges that Defendant was undercapitalized because of funds being siphoned to the Proposed Defendants, which were all part of the "family business." *Id.* ¶¶ 85, 92–146, 159. It also claims that Defendant "reported zero revenue for [2016] on its consolidated tax return" despite Plaintiff paying Defendant more than $54 million that year, *id.* ¶ 92, and that millions of dollars paid by Plaintiff to Defendant were immediately transferred to the Proposed Defendants, *id.* ¶¶ 93, 120, 130. The SAC states that Defendant's undercapitalization resulted in its inability to satisfy its contractual obligations and rendered it judgment-proof. *Id.* ¶¶ 93–98. As Judge Lehrburger properly stated, "[u]nfair siphoning of assets is a well-established example of the injustice or unfairness required under the alter-ego standard" and "siphoning funds is also one of

6

the indicia of a corporate entity that is dominated and controlled by others." Order at 9 (citing *NetJets*, 537 F.3d at 183; *De Sole v. Knoedler Gallery, LLC*, 139 F. Supp. 3d 618, 669 (S.D.N.Y. 2015); *TradeWinds Airlines, Inc. v. Soros*, No. 08 Civ. 5901, 2012 WL 983575, at *7 (S.D.N.Y. Mar. 22, 2012)). He committed no clear error, therefore, in holding that Plaintiff's allegations satisfied the injustice or unfairness prong.

### 3. Underlying Cause of Action

Defendant also argues that "the wrong cannot simply be the failure to perform the contract," and that Plaintiff's "allegations about bank transfers [] boil down to an allegation that [Defendant] could not perform under the parties' agreements." Def. Objs. at 12–13. Judge Lehrburger, however, considered and properly rejected this argument. Order at 9–10. Other cases have found allegations of undercapitalization and siphoning, like those asserted by Plaintiff, sufficient to proceed. *See, e.g.*, *NetJets*, 537 F.3d at 183; *De Sole*, 139 F. Supp. 3d at 669; *TradeWinds*, 2012 WL 983575, at *7.[2]

Judge Lehrburger committed no clear error in holding that Plaintiff's allegations satisfy the single economic entity and the injustice or unfairness prongs, and, therefore, that the SAC plausibly claims that the Proposed Defendants are alter-egos of Defendant. Accordingly, Defendant's objection is OVERRULED.

### C. Personal Jurisdiction

Finally, Defendant objects to the Order on the grounds that Plaintiff "has not sufficiently alleged personal jurisdiction over the Proposed Defendants." Def. Objs. at 14. The Court disagrees. Plaintiff alleges that the Proposed Defendants are "subject to the personal jurisdiction

---

[2] Although Defendant attempts to distinguish these cases by arguing that the relevant transfers in these cases were "aimed at thwarting debts of the companies at issue," whereas here there are no such allegations, Def. Objs. at 10, the SAC similarly contains allegations that the Proposed Defendants siphoned off funds from Defendant to prevent it from fulfilling its obligations, *see* SAC ¶ 93.

of this Court as alter egos of [Defendant]." SAC ¶ 3. As Defendant states, New York courts "'will not allow a plaintiff to pierce the corporate veil as a basis for personal jurisdiction over a defendant unless there is some evidence that the defendant used the corporate form to harm or defraud a party.'" Def. Objs. at 15 (quoting *Gliklad v. Derispaska*, 55 Misc. 3d 1213(A) (N.Y. Sup. Ct. 2017)). Defendant argues that Plaintiff has no provided no such evidence, and, therefore, that it should not be permitted to amend its complaint. Def. Objs. at 14–15. Defendant also contends that conclusory allegations are not enough to establish personal jurisdiction. *Id.*

Defendant, however, ignores prevailing law which states that the "standard for piercing the corporate veil for purposes of personal jurisdiction . . . is a less stringent one" than the standard for imposing liability. *Cardell Fin. Corp. v. Suchodolski Assocs., Inc.*, No. 09 Civ. 6148, 2012 WL 12932049, at *14 (S.D.N.Y. July 17, 2012), *report and recommendation adopted*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012); *see also Bank of Am. v. Apollo Enter. Sols., LLC*, No. 10 Civ. 5707, 2010 WL 4323273, at *12 (S.D.N.Y. Nov. 1, 2010) (noting that courts apply a "less onerous standard" when evaluating personal jurisdiction under an alter ego theory than the standard required for piercing the corporate veil for liability purposes). Judge Lehrburger committed no clear error, therefore, in holding that if "[Plaintiff] can establish its alter-ego claims, then the 'alter-ego' entities are subject to the Court's personal jurisdiction by way of [Defendant] being subject to personal jurisdiction here." Order at 10. *See also Cardell*, 2012 WL 12932049, at *14 (exercising personal jurisdiction over a defendant because it was the alter ego of party that consented to personal jurisdiction in New York). Accordingly, Defendant's objection is OVERRULED.

## CONCLUSION

For the foregoing reasons, Defendant's objections are OVERRULED and the Order at ECF No. 71 is AFFIRMED in its entirety.

SO ORDERED.

Dated: February 27, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge