UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ESSAR STEEL ALGOMA, INC., et al.** <br> **Plaintiff,** <br> v. <br><br> **SOUTHERN COAL SALES CORPORATION** <br> **Defendant.** | Case No. 1:17-mc-00360-AT <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |

Defendant, Southern Coal Sales Corporation ("SCSC"), by counsel and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, requests leave to file its Amended Answer, Affirmative Defenses and Counterclaim to the Second Amended Complaint for Breach of Contract (the "SAC") filed by Plaintiff, Essar Steel Algoma Inc. ("Algoma"). In support of that request, SCSC respectfully states as follows:

**INTRODUCTION**

On March 13, 2019, SCSC filed a letter brief with the Court seeking, among other things, leave to amend its Answer to include certain Counterclaims. Following letter briefs and a telephonic conference with Magistrate Judge Lehrburger, SCSC was permitted to file a Motion for Leave To Amend by April 29, 2019. [Dkt. 138.] Pursuant to the Court's Memo Endorsement dated April 25, 2019, the deadline for SCSC to file its Motion for Leave was extended until May 20, 2019. [Dkt. 141.] SCSC now submits this Memorandum in support of its Motion for Leave and, for the Court's convenience, has attached the Tendered Amended Answer as Exhibit A. As explained below, leave to amend should be granted because the amendment is not futile and Algoma will not be prejudiced.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). To be sure, this is a "liberal standard," Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015), and "is consistent with [the Second Circuit's] strong preference for resolving disputes on the merits," Williams v. Citigroup Inc., 659 F. 3d 208, 212-13 (2d Cir. 2011) (quotation marks and citation omitted). While a Court has discretion to deny leave to amend, "such denial must be based upon a valid ground, such as undue delay, bad faith, undue prejudice to the opposing party, or futility of the amendment." Mackensworth v. S.S. Am. Merchant, 28 F.3d 246, 251 (2d Cir. 1994). As a rule, absent bad faith or prejudice, parties are liberally allowed to amend their pleadings. Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir. 2000); see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., 233 F.R.D. 355, 361 (S.D.N.Y. 2005) (noting that mere delay, unaccompanied by an additional basis for denial, does not warrant denying a request for leave to amend).

Here, SCSC's Tendered Amended Answer seeks to assert several Counterclaims – breach of contract, breach of the implied covenant of good faith and fair dealing, and two counts seeking declaratory judgment. The proposed Counterclaims relate to the same agreements upon which Algoma initiated this litigation, involve the same parties, and concern mostly the same conduct. Further, there is no plausible claim of bad faith, nor any undue prejudice to Algoma by allowing these Counterclaims to be raised because they were previously stated as affirmative defenses. See Feitshans v. Kahn, 2007 U.S. Dist. LEXIS 24693, at *2 (S.D.N.Y. Apr. 2, 2007) ("Courts should be particularly liberal in granting leave to add compulsory counterclaims because parties cannot assert compulsory counterclaims once a final judgment has been rendered."). In fact,

2

these Counterclaims are necessary to allow the Court to fully resolve this matter by addressing all of the relevant claims and defenses of the parties on the merits.

In its reciprocal letter to Magistrate Judge Lehrburger, Algoma argued that SCSC should not be permitted to amend its Answer because the amendment would be futile and would needlessly delay this litigation. Algoma's arguments are without merit.

As the party opposing the Motion for Leave, Algoma "has the burden of establishing that an amendment would be prejudicial or futile." Xerox Corp. v. Lantronix, Inc., 342 F. Supp. 3d 362, 370 (E.D.N.Y. 2018) (internal quotation marks and citation omitted). To demonstrate futility, Algoma must demonstrate that the proposed Counterclaims fail to state a claim upon which relief can be granted. See IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scot. Grp., 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss.").

Algoma's futility argument (regarding the proposed Counterclaim related to the "offset") is based entirely on a legal argument related to the interpretation of the parties' agreements. According to Algoma, the first proposed counterclaim is barred by the express terms of the parties' Amending Agreement. Yet, whether or not Algoma has a meritorious defense to any of the proposed Counterclaims does not matter at this stage. In assessing the futility of a proposed amended pleading, the factual allegations set forth in that pleading are assumed to be true. See Dunham v. City of New York, 295 F. Supp. 3d 319, 326 (S.D.N.Y. 2018). And, accepting the allegations set forth in the Tendered Amended Answer as true, it is beyond dispute that SCSC has plausibly alleged claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for declaratory judgment. That is all that is required at this point.

Algoma's other argument, that permitting amendment would needlessly delay this litigation, is likewise without merit.  Critically, Algoma, while vaguely complaining about certain delays, has made no particularized showing of prejudice – nor could it.  Granting SCSC leave to amend its Answer will not cause any significant delay to the resolution of this case because there is no trial date set in this matter and Algoma will be given a full opportunity to respond to the new claims.  Indeed, because these proposed Counterclaims were previously raised as affirmative defenses, any resulting prejudice from allowing SCSC to properly plead its Counterclaims would be minimal at best.

## **CONCLUSION**

For the reasons stated above, SCSC respectfully requests the Court to grant it leave to file the Tendered Amended Answer attached hereto as Exhibit A.

        Respectfully submitted,

    /s/ Richard A. Getty
RICHARD A. GETTY (*admitted pro hac vice*)
DANIELLE HARLAN (*admitted pro hac vice*)
    and
MARCEL RADOMILE (*admitted pro hac vice*)

THE GETTY LAW GROUP, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky  40507
Telephone:  (859) 259-1900
Facsimile:   (859) 259-1909
E-Mail:  rgetty@gettylawgroup.com
E-Mail:  dharlan@gettylawgroup.com
E-Mail:  mradomile@gettylawgroup.com

And

>PHILIP D. ROBBEN
>    and
>MELISSA E. BYROADE
>
>KELLEY DRYE & WARREN LLP
>101 Park Avenue
>New York, New York 10178
>Telephone:  (212) 808-7800
>Facsimile:  (212) 808-7807
>E-Mail:  probben@kelleydrye.com
>E-Mail:  mbyroade@kelleydrye.com
>
>COUNSEL FOR DEFENDANTS,
>SOUTHERN COAL SALES CORPORATION,
>JAMES C. JUSTICE COMPANIES, INC., JAMES C. JUSTICE COMPANIES, LLC, BLUESTONE INDUSTRIES, INC., BLUESTONE COAL CORPORATION, BLUESTONE MINEAL, INC., BLUESTONE ENERGY SALES CORPORATION, A&G COAL CORPORATION, TAMS MANAGEMENT INC., ENCORE LEASING LLC, BLUESTONE RESOURCES INC., JUSTICE FAMILY FARMS, LLC AND SOUTHERN COAL CORPORATION

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 20, 2019, I electronically filed the foregoing Memorandum In Support Of Defendant's Motion For Leave To File Amended Answer, Affirmative Defenses, And Counterclaim with the Clerk of Court using the CM/ECF System, which will automatically send e-mail notification of such filing to all counsel of record.

>/s/ Richard A. Getty
>COUNSEL FOR DEFENDANTS

mwepld0731