**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ESSAR STEEL ALGOMA, INC., | |
| Plaintiff, | |
| v. | Case No. 17-mc-00360-AT-RWL |
| SOUTHERN COAL SALES CORPORATION *et al.*, | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## KELLEY DRYE & WARREN LLP'S MOTION TO WITHDRAW

Pursuant to Local Rule 1.4 and Rule 1.16(c) of the New York Rules of Professional Conduct, Kelley Drye & Warren LLP ("Kelley Drye") submits this memorandum of law in support of its motion to withdraw as counsel of record for Defendants—*i.e.*, Nevada Holdings, Inc. (formerly Southern Coal Sales Corporation); James C. Justice Companies, Inc.; James C. Justice Companies, LLC; Bluestone Industries, Inc.; Bluestone Coal Corporation; Bluestone Mineral, Inc.; Bluestone Energy Sales Corporation; A&G Coal Corporation; Tams Management Inc.; Encore Leasing LLC; Bluestone Resources Inc.; Justice Family Farms, LLC, and Southern Coal Corporation.

### PRELIMINARY STATEMENT

As discussed more fully below, and in the accompanying declaration of Philip D. Robben, Esq., Kelley Drye seeks leave to withdraw for professional considerations under Rule 1.16(c) of the New York Rules of Professional Conduct. Efforts to resolve a months'-long dispute between Kelley Drye and Defendants have not been successful, permitting Kelley Drye to seek withdrawal at this time. Kelley Drye's withdrawal will not prejudice

Defendants, nor impact the case schedule in any way. Defendants have already transferred their representation from Kelley Drye to new counsel at the Getty Law Group, PLLC (the "Getty Firm") who appeared for Defendants in early January 2019 and have taken control over all aspects of the representation of the Defendants in this action since that time. For these reasons, Kelley Drye respectfully requests that its motion for withdrawal be granted.

## ARGUMENT

**I.  Professional considerations are sufficient good cause that justifies Kelley Drye's withdrawal.**

Under Local Rule 1.4, "an attorney who has appeared as attorney of record for a party may be relieved . . . by order of the Court . . . . Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Rule 1.16(c) of the New York State Rules of Professional Conduct permits withdrawal of counsel on several enumerated grounds. *See* N.Y. Prof. Conduct Rule 1.16(c). The unresolved dispute between Kelley Drye and Defendants comes within the scope of Rule 1.16(c) and justifies Kelley Drye's withdrawal.

The unresolved dispute makes it untenable for Kelley Drye to continue its representation of Defendants. *See* Robben Decl., ¶ 11. This situation justifies withdrawal on account of professional considerations. In stating its grounds for withdrawal in general terms, Kelley Drye is mindful of NYSBA Ethics Opinion 1057, which states in relevant part:

> Where withdrawal may be accomplished simply on the basis of counsel's statement that professional considerations require it, no more should be disclosed. Accordingly, even where the information would not be deemed "confidential" as defined by Rule 1.6, it should not be disclosed if withdrawal can be accomplished without disclosure.

Thus, Kelley Drye respectfully requests that the Court permit it to withdraw for professional considerations under Rule 1.16(c).[1]

## II.    Kelley Drye's withdrawal will not cause prejudice to Defendants nor disrupt this litigation.

In considering a motion for withdrawal, district courts must also consider "the posture of the case," and whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel. *Police Officers For A Proper Promotional Process v. Port Auth. of New York & New Jersey,* No. 11 CIV. 7478 LTS JCF, 2012 WL 4841849, at *2 (S.D.N.Y. Oct. 10, 2012). Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 CIV. 7424 JMF, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013).

Defendants will not be prejudiced by Kelley Drye's withdrawal. Six months ago, Defendants retained Richard A. Getty of the Getty Firm to take over their defense in this case from Kelley Drye. Mr. Getty appeared on January 9, 2019. Two of Mr. Getty's colleagues from the Getty firm appeared on January 16, 2019. Kelley Drye long ago transferred the case files to the Getty's Firm. And Kelley Drye lawyers with knowledge of this action participated in many telephone calls with Mr. Getty and his colleagues to assist them in assuming Defendants' representation. All of these efforts by Kelley Drye permitted Mr. Getty and his firm to quickly assume control of Defendants' representation. At this

---

[1]    If the Court requires additional information, Kelley Drye respectfully requests that it be permitted to disclose such information to the Court *in camera* in order to allow it to comply with Rule 1.6 of the New York Model Rules of Professional Conduct.

point, Mr. Getty and the Getty Firm are firmly in the lead as Defendants' counsel. *See generally* Robben Decl., ¶¶ 7–10. In these circumstances, Kelley Drye's withdrawal will not prejudice Defendants in any way.

Nor will Kelley Drye's withdrawal cause disruption to this litigation. The current discovery schedule does not contain a discovery cut-off nor a trial date.

## CONCLUSION

Kelley Drye respectfully requests that the Court issue an Order: (i) permitting Kelley Drye and each of its members, counsel, and associated lawyers that have appeared in this action to immediately withdraw as counsel for Defendants; and (ii) granting Kelley Drye such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 9, 2019

Respectfully submitted,

KELLEY DRYE & WARREN LLP


By:  s/ Philip D. Robben
     Philip D. Robben

101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
probben@kelleydrye.com