UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ESSAR STEEL ALGOMA, INC.**<br>Plaintiff,<br>v.<br>**SOUTHERN COAL SALES CORPORATION, et al.**<br>Defendants. | Case No. 1:17-mc-00360-AT<br><br>REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AS TO THE NEW DEFENDANTS |

Defendants, James C. Justice Companies, Inc., James C. Justice Companies, LLC, Bluestone Industries, Inc., Bluestone Coal Corporation, Bluestone Mineral, Inc., Bluestone Energy Sales Corporation, A&G Coal Corporation, Tams Management Inc., Encore Leasing LLC, Bluestone Resources Inc., Justice Family Farms, LLC, 15 Corporation (collectively, the "New Defendants"), and Nevada Holdings (formerly Southern Coal Sales Corp.) ("SCSC" or "Southern Coal"), by and through counsel, in further support of their request for an Order dismissing with prejudice the allegations in the Second Amended Complaint (the "SAC") (Dkt. No. 106) asserted against the New Defendants, respectfully state as follows:

Plaintiff spends the majority of its Response (Dkt. No. 153) casting aspersions on Defendants and on the supposed misstatements, admissions, and errors on the part of their counsel.[1] Interestingly – and tellingly – however, the Response never addresses head-on Defendants' arguments in favor of dismissal of the claims asserted against the New Defendants. Instead, Plaintiff clearly hopes that the Court will be swayed by pejoratives such as "siphoned off," "moved around," and the like which are simply not supported by the actual evidence.

---

[1] Counsel acknowledges that they inadvertently cited to the original page numbers of documents in their Motion, rather than the filed pages, and apologize for the oversight.

Plaintiff also assumes that taking the allegations of the Second Amended Complaint ("SAC") as true means that the fact that those allegations do not support the alter-ego claims is of no relevance. As demonstrated below and in Defendants' original Motion, Plaintiff's Response does nothing to refute the simple fact that the SAC fails to state a claim against the New Defendants upon which relief can be granted and that the Court lacks personal jurisdiction over the New Defendants, making dismissal appropriate.

Defendants will once again state the appropriate standard for review of their Motion to Dismiss.[2] As stated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added) (citations omitted):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" *requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do*. … *Factual allegations must be enough to raise a right to relief above the speculative level*.
>
> As explained further by the Supreme Court in *Iqbal*,
>
> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

Case law cited by Plaintiff is in accord. *See, e.g., Gevvs Healthcare Solutions, Inc. v. Orion Healthcorp, Inc.*, 2017 U.S. Dist. LEXIS 51422, at *8 (citing and quoting *Iqbal*, *supra*, 556 U.S. at 678) (other citations omitted) (emphasis added):

---

[2] Of course, should the Court deem it appropriate in light of Defendants' reference to extrinsic evidence, Defendants' Motion can be reviewed as a Motion for Summary Judgment. In either event, the SAC should be dismissed. *Goel v. Bunge, Ltd.*, 830 F.3d 554, 558-559, 560 (2d Cir. 2016) (citations omitted).

2

Determining whether a pleading states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The court must accept all facts alleged in the pleading as true and draw all reasonable inferences in the plaintiff's favor. However, a pleading that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" *will not survive a motion to dismiss*.

Plaintiff's SAC simply does not meet this standard because it is based on a flawed understanding of the manner in which Defendants (and many privately-owned energy or commodity companies, as well as how numerous other multi-faceted corporate entities operate) is organized. By way of example, but not limitation, and as described in detail in Defendants' Motion to Dismiss, Plaintiff specifically alleges that SCSC, "is an undercapitalized sister entity to and/or subsidiary of the [New Defendants], which exert complete dominion and control over and therefore operate over Southern Coal as its instrumentalities and alter egos." SAC, ¶ 82 (Dkt. No. 106, p. 13). The SAC then alleges the undercapitalization was orchestrated "so that Southern Coal could not meet its obligations under the Agreements and be judgment-proof." *Id.*, ¶ 94 (p. 16). Finally, the SAC asserts that "[m]oney received by Southern Coal was treated as money of the [New Defendants] generally, and vice versa" and references inter-company transfers as "evidence." SAC, ¶ 94 (Dkt. No. 106, p. 16).

However, the SAC disregards the obvious fact that SCSC is a *coal sales* company, and, as such, it must pay for coal it sells as well as for services it uses in obtaining, marketing and transporting that coal, which of course caused inter-company transfers of assets and funds. Further, those transfers were carefully documented and supported as confirmed by the Expert Report of Aaron Heighton, CPA. Plaintiff's blanket assertion that the parties were one and the same because of inter-company transfers does not "plausibly suggest" that they are alter-egos

3

and is reflected by the corporate records and accounts reviewed by Mr. Heighton.[3] Dismissal is therefore warranted.

At the risk of repetition, and because each side takes a different view of the proper interpretation of the Delaware law for alter ego analysis, Defendants reiterate that Plaintiff's SAC does not demonstrate the exceptional circumstances required for disregarding Defendants' separate corporate identities. Specifically, the SAC does not plausibly demonstrate that New Defendants and SCSC "operated as a single economic entity" and it does not plausibly demonstrate that dismissing the alter ego claims will work an injustice or unfairness on Plaintiff. *See Kirschner v. CIHLP LLC*, 2017 U.S. Dist. LEXIS 162719, at *10-11 (S.D.N.Y. Sept. 30, 2017) (citing *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 177 (2d Cir. 2008)) (other citation omitted).

The elements that disprove the faulty assertions of Plaintiff include:

- Shared officers and owners is not at all unusual in small, closely-held companies. *See* Memorandum In Support of Motion to Dismiss, p. 14 (Dkt. No. 145-1, p. 17).

- Shared services is also not unusual, [*see id.,* p. 19 (Dkt. No.145-1, p.22)], and Defendants carefully documented all such inter-company relations, transactions and payments. *See id.*, p. 21 (Dkt. No.145-1, p.24).

- References to "Justice" and "Southern" and "Bluestone" interchangeably is nothing more than convenience for the speakers. As evidence of alter egos it is meaningless.

By contrast, Defendants demonstrated in their Motion the following facts that demonstrate the parties *are not* alter egos. *See* Memorandum in Support of Motion to Dismiss, pp.18-22 (Dkt. No. 141, pp. 21-25):

- The corporations were adequately capitalized for their respective undertakings:

---

[3]  Plaintiff also knew from the outset that it was dealing with a "sales company" but never asked for additional security or for any guaranty. Plaintiff has done business previously with Southern Coal or other Justice entities and knew full well with whom it was entering a contract.

- The corporations were solvent;

- Dividends were paid;

- Corporate records were kept;

- Officers and directors functioned properly;

- Corporate formalities were observed;

- No shareholder – dominant or otherwise – ever siphoned corporate funds; and

- The entities were not a façade for any shareholder.

Nowhere in the SAC is there a *plausible* allegation that Defendants operated as a single economic unit. Without such plausible allegations, and applying the first *Kirschner* element for alter ego claims, *Twombley, Iqbal* and their progeny require dismissal.

In addition, nothing in Plaintiff's response refutes that the SAC plausibly alleges or demonstrates an overall element of unfairness or injustice. Stated another way, the SAC does not allege any injustice or unfairness *that is a result of an abuse of the corporate form* by Defendants. *See Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 975 F. Supp. 2d 392, 406 (S.D.N.Y. 2013). Likewise the SAC does not plausibly allege that SCSC was a "sham" that existed solely as a vehicle for fraud. *See id.* (quoting *Wallace ex rel. Cencom Cable Income Partners II v. Wood,* 752 A.2d 1175, 1184 (Del. Ch. 1999)). In fact, that position is completely inconsistent with the repeated references in the SAC in that SCSC actually delivered coal pursuant to the purchasing agreements – and delivered coal to "bail out" Plaintiff when no one else would sell coal to it. *See* SAC, ¶¶ 42, 49, 53, 61, 80 (Dkt. No. 106, pp. 7-10, 13).

The Court should fully consider the Heighton Expert Report. It clearly and firmly concludes that the entities at issue are not alter egos. Mr. Heighton's findings include that the Justice entities operate in a manner consistent with accepted industry practice and that the

5

intercompany transactions are likewise appropriate and within industry standards and are consistent with generally accepted accounting practices. *See* Heighton Report, p. 3 (Dkt. No. 145-5, p. 4).

Finally, Plaintiff's arguments in favor of the exercise of personal jurisdiction by this Court are premised on its faulty assertion that the SAC demonstrates the Defendants are alter egos. However, because Defendants have demonstrated that the SAC does not contain plausible allegations against the New Defendants, there is likewise no basis for this Court to exercise personal jurisdiction over them. *See* Fed. R. Civ. P. 12(b)(2); *DirecTV Latin Am., LLC v. Park610, LLC*, 691 F. Supp. 2d 405, 416 (S.D.N.Y. 2010) ("On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff 'bears the burden of showing that the court has jurisdiction over the defendant'") (quoting *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d. Cir. 2003) (per curium)) (other citations omitted).

None of the New Defendants are New York entities, and none utilize New York as a principal place of business. Plaintiff makes no allegations of contacts with New York, let alone allegations that the New Defendants have purposefully directed their activities at the forum and that the litigation arises out of or relates to those activities such that the New Defendants have sufficient "minimum contacts" with the forum. *See Siegel v. HSBC Holdings, PLC*, 2018 U.S. Dist. LEXIS 8986, at * 8 (S.D.N.Y. Jan. 19, 2018) (citation omitted).

## CONCLUSION

For the reasons set forth above, in Defendants' Motion to Dismiss, and in SCSC's prior submissions regarding Plaintiff's alter ego allegations, the New Defendants again respectfully request that the Court enter an Order dismissing all claims asserted against them, with prejudice.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  July 19, 2019 | /s/ Danielle Harlan<br>RICHARD A. GETTY (*admitted pro hac vice*)<br>DANIELLE HARLAN (*admitted pro hac vice*)<br>          and<br>MARCEL RADOMILE (*admitted pro hac vice*)<br><br>THE GETTY LAW GROUP, PLLC<br>1900 Lexington Financial Center<br>250 West Main Street<br>Lexington, Kentucky  40507<br>Telephone:  (859) 259-1900<br>Facsimile:  (859) 259-1909<br>E-Mail:  rgetty@gettylawgroup.com<br>E-Mail:  dharlan@gettylawgroup.com<br>E-Mail:  mradomile@gettylawgroup.com<br><br>and<br><br>PHILIP D. ROBBEN<br>          and<br>MELISSA E. BYROADE<br>(Motions to Withdraw pending)<br>KELLEY DRYE & WARREN LLP<br>101 Park Avenue<br>New York, New York 10178<br>Telephone:  (212) 808-7800<br>Facsimile:   (212) 808-7807<br>E-Mail:  probben@kelleydrye.com<br>E-Mail:  mbyroade@kelleydrye.com<br><br>COUNSEL FOR DEFENDANTS,<br>SOUTHERN COAL SALES CORPORATION, JAMES C. JUSTICE COMPANIES, INC., JAMES C. JUSTICE COMPANIES, LLC, BLUESTONE INDUSTRIES, INC., BLUESTONE COAL CORPORATION, BLUESTONE MINERAL, INC., BLUESTONE ENERGY SALES CORPORATION, A&G COAL CORPORATION, TAMS MANAGEMENT INC., ENCORE LEASING LLC, BLUESTONE RESOURCES INC., JUSTICE FAMILY FARMS, LLC AND SOUTHERN COAL CORPORATION |

dhbpld2716