THOMPSON HINE    ATLANTA    CLEVELAND    D.
CINCINNATI    COLUMBUS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/23/2020__

Via ECF

September 22, 2020

The Hon. Analisa Torres
U.S. District Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
Courtroom 15D
500 Pearl Street
New York, NY 10007-1312
(Torres_NYSDChambers@nysd.uscourts.gov)

RE: **Settlement Agreement and Letter Request to File Documents in Redacted Form** *Essar Steel Algoma Inc. v. Southern Coal Sales Corporation*
**Case No. 1:17-mc-00360-AT-RL**

Dear Judge Torres:

We are counsel for plaintiff Essar Steel Algoma, Inc. ("Algoma") and Defendants Nevada Holdings, Inc., f/k/a Southern Coal Sales Corporation; James C. Justice Companies, Inc.; James C. Justice Companies, LLC; Bluestone Industries, Inc.; Bluestone Coal Corporation; Bluestone Mineral, Inc., f/k/a Mechel Bluestone; Bluestone Energy Sales Corporation, A&G Coal Corporation, Tams Management Inc.; Encore Leasing LLC; Bluestone Resources Inc.; Justice Family Farms, LLC; and Southern Coal Corporation (collectively, "Southern Coal"). Pursuant to Your Honor's July 22, 2020 (dkt. 179) and September 2, 2020 (dkt. 181) Orders and Your Honor's Individual Practices in Civil Cases, IV.C, the Parties hereby submit their Settlement Agreement and its attachments for the Court to endorse. Pursuant to Your Honor's Individual Practices in Civil Cases, IV.C, the Parties respectfully request that the Court retain jurisdiction to enforce the Settlement Agreement.

Pursuant to the Settlement Agreement, Southern Coal has the option to either: (1) make cash settlement payments to Algoma; or (2) provide coal to Algoma at a discounted price. Accordingly, the Parties' Coal Purchase and Sale Agreement is attached to the Settlement Agreement and incorporated therein by reference. Pursuant to Your Honor's Individual Practices in Civil Cases, IV.A, the Parties jointly respectfully request permission to file redacted versions of Settlement Agreement and its exhibits, because they contain proprietary and confidential business information. The Parties have filed herewith both proposed redacted versions publicly and unredacted versions under seal.

Kip.Bollin@ThompsonHine.com   216.566.5800   216.566.5786                                              4850-1573-6157.1

THOMPSON HINE LLP        3900 Key Center              www.ThompsonHine.com
ATTORNEYS AT LAW          127 Public Square            O: 216.566.5500
                          Cleveland, Ohio 44114-1291   F: 216.566.5800

THOMPSON HINE

To determine whether sealing or redacting documents is appropriate, courts in the Second Circuit follow the three-step process set forth in *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006). First, the Court must determine whether the document that a party requests to be sealed is a "judicial document," *i.e.* "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. If so, the Court must then determine the weight of the presumption of access, which generally falls "somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* Finally, after the Court determines the weight of the presumption of access, it must "balance competing considerations against it." *Id.* at 120. While there is undoubtedly a qualified First Amendment presumption of public access, it is well-established that competitively sensitive information should be protected against public disclosure if the disclosure would cause significant and irreparable competitive injury. *See, e.g., GoSmile, Inc. v. Levine,* 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal where the documents contained "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *Avocent Redmond Corp. v. Raritan Ams., Inc.*, No. 10 Civ. 6100, 2012 U.S. Dist. LEXIS 107801, at *40-47 (S.D.N.Y. July 31, 2010) (granting motion to seal, among other things, trade secrets and confidential business information); *Encyclopedia Brown Prods. v. Home Box Office,* 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (finding that the common law presumption of public access was overcome where information would give the party's competitors a bargaining advantage and would "provide valuable insights into [the] company's current business practices that a competitor would seek to exploit").

Here, although the documents at issue are judicial documents that generally should be afforded a presumption of access, the only information sought to be redacted is (1) financial account numbers in Paragraph 2(a)(vi) of the Settlement Agreement and in Paragraph 22 of the Settlement Coal Agreement, per this Court's ECF Privacy Policy and (2) competitively sensitive pricing, quality, and tonnage information, the disclosure of which would divulge Algoma's and Southern Coal's proprietary and trade secret information and restrict their business activities and unfairly benefit their competitors.

Specifically, in the Coal Purchase and Sale Agreement, the tonnage, quality, and pricing terms found in Paragraphs 3, 6, 7, 8, 13, 14, 15, and 17 may provide other suppliers and competitors insight into Southern Coal's and Algoma's costs and quality parameters. Accordingly, redactions are necessary to protect that information in order to ensure that Algoma and Southern Coal are not at a competitive disadvantage in their negotiations with other potential suppliers or customers.

Some of the same pricing and tonnage information that appears in the Coal Purchase and Sale Agreement also appears in the Settlement Agreement itself and Exhibit B to the Settlement Agreement (the Consent Judgment documents). The pricing and tonnage information appear in Paragraph 2 of the Settlement Agreement and Paragraph 2 of the Appendix to Settlement Agreement Exhibit B.



Algoma and Southern Coal respectfully request that this Court approve the Parties' proposed redactions because they are narrowly tailored to preserve the parties' competitively sensitive and proprietary information and avoid placing the Parties at a bargaining disadvantage with suppliers, customers, and competitors. *See Lugosch*, 435 F.3d at 124.

Respectfully yours,

| | |
|---|---|
| /s/ Kip T. Bollin | /s/ Lee D. Schneider (per email consent 9/22/20) |
| Kip T. Bollin (admitted *pro hac vice*) | Lee D. Schneider |
| Thompson Hine LLP | Kelley Jasons McGowan Spinelli Hanna & Reber LLP |
| 3900 Key Center | 120 Wall Street, 30th Floor |
| 127 Public Square | New York, NY 10005 |
| Cleveland, OH 44114 | Phone: 212.344.7400, Ext. 11 |
| Phone: 216.566.5786 | Fax: 212.344.7402 |
| Fax: 216.566.5800 | lschneider@kjmsh.com |
| Kip.Bollin@ThompsonHine.com | |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

cc:   All counsel of record (*via ecf*)

GRANTED. The document at issue contains financial account information and confidential business information.

Dated: September 23, 2020
       New York, New York

ANALISA TORRES
United States District Judge