UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESSAR STEEL ALGOMA INC.,

                Plaintiff,

-against-

NEVADA HOLDINGS, INC., f/k/a
SOUTHERN COAL SALES CORPORATION,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/2/2023_

17 Misc. 360 (AT) (RWL)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Essar Steel Algoma Inc. n/k/a Algoma Steel Inc. ("Algoma"), commenced this action against Defendant, Nevada Holdings, Inc., f/k/a Southern Coal Sales Corporation ("Southern Coal"), in 2017 for breach of a coal supply contract. ECF No. 1; *see also* ECF No. 198 at 1. On December 7, 2018, Algoma filed a second amended complaint, adding Defendants James C. Justice Companies, Inc.; James C. Justice Companies, LLC; Bluestone Industries, Inc.; Bluestone Coal Corporation; Bluestone Mineral, Inc., f/k/a Mechel Bluestone; Bluestone Energy Sales Corporation; A&G Coal Corporation; Tams Management Inc.; Encore Leasing LLC; Bluestone Resources Inc.; Justice Family Farms, LLC; and Southern Coal Corporation (collectively, the "Justice Parties"), as alter egos of Southern Coal. *See* ECF No. 106 at 1; *see id.* ¶ 3.[1] On July 22, 2020, the parties advised the Court that the parties had reached a settlement in principle. ECF No. 178; *see also* ECF No. 179. On September 22, 2020, the parties filed their settlement agreement on the docket, requesting that the Court "endorse" the agreement and "retain jurisdiction to enforce [it]." ECF No. 182 at 1. On September 23, 2020, the Court "so-ordered" the parties' settlement. ECF No. 186.

---

[1] Because the second amended complaint only lists Southern Coal as a defendant in the caption, the Court does the same in this order.

On August 29, 2022, Algoma filed a motion to enforce the settlement agreement. ECF No. 198; *see also* Pl. Mem., ECF No. 199; Pl. Reply, ECF No. 211. On September 26, 2022, Defendants filed their opposition papers. Defs. Opp., ECF No. 207. That same date, Defendants filed a pre-motion letter requesting leave to file a motion pursuant to Federal Rule of Civil Procedure 60(b) "for relief from their 'so[-]ordered' settlement agreement with . . . Algoma." ECF No. 206. On September 27, 2022, the Court referred Algoma's motion and Defendants' pre-motion letter to the Honorable Robert W. Lehrburger for a report and recommendation. ECF No. 208. On October 3, 2022, Algoma filed an opposition letter to Defendants' pre-motion letter. ECF No. 210. Judge Lehrburger held oral argument on Algoma's motion on October 13, 2022. ECF No. 209.

Before the Court is Judge Lehrburger's Report and Recommendation (the "R&R"), which recommends that "Algoma's motion be granted and judgment entered in its favor in the amount of $5.75 million, plus [post-judgment] interest and [reasonable] attorneys' fees" "expended in connection with Algoma's motion to enforce the [s]ettlement [a]greement" and that Defendants' request to file a Rule 60(b) motion be denied. R&R at 2, 8, 10, ECF No. 212. Defendants filed objections to the R&R on November 1, 2022. Defs. Obj., ECF No. 213. For the reasons stated below, the Court OVERRULES Defendants' objections to the R&R and ADOPTS the R&R's conclusions.

## DISCUSSION[2]

I.    Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party

---

[2] The Court presumes familiarity with the facts and procedural history as detailed in the R&R, *see generally* R&R, and prior orders, *see, e.g.*, ECF No. 170 at 1–2, and, therefore, does not summarize them here.

2

makes specific objections, the court reviews *de novo* those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates [their] original arguments," the court reviews the R&R strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger *de novo* review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.   Defendants' Objections

First, Defendants argue that the Court should reject Judge Lehrburger's recommendation that the Court "prevent [Defendants] from filing a motion authorized by the [Federal] Rules of Civil Procedure[.]" Defs. Obj. at 3. The R&R recommends that Defendants' request to file a Rule 60(b) motion be denied because "[t]he arguments Defendants advance in their application to move under Rule 60(b) are identical to those fully set forth in Defendants' opposition to

3

Algoma's motion to enforce." R&R at 8 (citing ECF No. 206 and Defs. Opp.). Judge Lehrburger concluded that "[f]urther briefing would be pointless," and that "[t]he reasons . . . set forth [in the R&R] for granting Algoma's motion fully address and resolve Defendants' Rule 60(b) arguments." *Id.* Defendants contend that "the pre-motion letters in this case are not sufficiently lengthy and detailed to nullify [Defendants'] right to file full motion briefs" and that Defendants' "proposed Rule 60(b) motion does not clearly lack merit." Defs. Obj. at 4–5. The Court reviews this specific objection *de novo*.

"Absent extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation, or a failure to comply with sanctions imposed for such conduct, a court has no power to prevent a party from filing pleadings, motions[,] or appeals authorized by the Federal Rules of Civil Procedure." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987) (citations omitted). Although "a court may not deny a party the opportunity to file even a frivolous motion," *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order), the Second Circuit has permitted district courts, "under appropriate circumstances," to "reasonably construe[] . . . [a] pre-motion letter as the motion itself and den[y] it." *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018) (summary order). In those unpublished summary orders, the Second Circuit "emphasized the length and detail of the pre-motion letters and responses and the clear lack of merit of the motion." *Scé v. City of New York*, No. 20-3954, 2022 WL 598974, at *4 (2d Cir. Mar. 1, 2022).

Defendants' pre-motion letter, which is three single-spaced pages, includes a background section with supporting facts and sets forth Defendants' arguments with caselaw from this District. ECF No. 206. Algoma's opposition letter is also three-pages, single-spaced. ECF No. 210. Defendants' pre-motion letter, which is a near-duplicate of Defendants' opposition to

4

Algoma's motion to enforce the settlement, *compare* ECF No. 206, *with* Defs. Opp. at 2–5, argues that the Court "should exercise its broad authority" under Rule 60(b)(6) to modify the parties' settlement agreement and "relieve" Defendants from performing under the settlement agreement due to the "extraordinary circumstance[]" of "the unexpected collapse of [Defendants'] sole source of operating capital in the midst of a global pandemic," ECF No. 206 at 2–3 (emphases omitted). In its opposition letter, Algoma contends that Defendants' motion is untimely and "insufficient as a matter of law." ECF No. 210 at 2 (emphasis omitted).[3]

      The Court shall exercise its discretion to construe Defendants' pre-motion letter as their motion and deny it. The Court finds that the parties' letters "have sufficient length and detail, [Defendants] ha[ve] had sufficient opportunity to make the arguments necessary to preserve [their] motion for appellate review, and there is a clear lack of merit to [Defendants'] arguments." *NMD Interactive, Inc. v. Chertok*, No. 11 Civ. 6011, 2017 WL 993069, at *2 (S.D.N.Y. Mar. 13, 2017) (cleaned up), *aff'd*, *StreetEasy, Inc.*, 730 F. App'x at 4. Defendants state that they filed their pre-motion letter "contemporaneously" with their opposition papers to Algoma's motion "[b]ecause th[e] [Rule 60(b)] motion is intertwined with Algoma's motion to enforce the settlement agreement." Defs. Opp. at 2. According to Defendants, a "delay on ruling on Algoma's motion," *id.*, is warranted even though "the arguments in [Defendants'] pre-motion letter are substantially identical to those in their response to Algoma's motion to enforce," Defs. Obj. at 5, and there is an "absence of case law awarding relief in these precise circumstances," *id.*

---

[3] Defendants point to Rule III.A of the Court's Individual Practices in Civil Cases, which provides for pre-motion letters and opposition letters, but does not specifically provide for replies, Defs. Obj. at 4–5, to argue that they "never had an opportunity to submit a reply to Algoma's response to those arguments," *id.* at 5. The Court's Individual Practices do not prohibit pre-motion letter replies. Defendants did not submit a reply, did not request leave to file a reply, and do not identify what arguments they would have raised in reply. Defendants also fail to cite authority requiring replies in this context. And, in any event, Defendants have responded to Algoma's arguments that Defendants' motion under Rule 60(b)(6) is untimely in their opposition papers, Defs. Opp. at 5, and in their objections to the R&R, R&R at 5, 8–9. The Court considers and rejects those same arguments in this order. *See infra* at 6–8.

5

at 7.  Further, Defendants do not identify "any additional arguments [they] would . . . press[], or evidence [they] would . . . introduce[], [if] [they] [are] permitted to file full motion briefs."[4] *StreetEasy, Inc.*, 730 F. App'x at 6.  Defendants provide no authority, beyond conclusory and repeated assertions, for their contention that extraordinary circumstances are present here or that the Court has authority under Rule 60(b)(6) to modify the parties' settlement agreement so that Defendants can be "relieve[d]" from their obligations.  ECF No. 206 at 3.  On this record, Defendants' arguments clearly lack merit.  *Scé*, 2022 WL 598974, at *4.  Accordingly, Defendants' Rule 60(b)(6) motion is DENIED.

      Second, Defendants object to the R&R's conclusion that Defendants' "'financial hardship' does not qualify as 'extraordinary circumstances' for purposes of Rule 60(b)(6)" because the "extraordinary circumstances that [Defendants] cite consist of more than just financial hardship."  Defs. Obj. at 6.  Defendants state that, "although the [R&R] points to the lack of precedent modifying a so-ordered settlement agreement under the circumstances presented here, the absence of case law awarding relief in these precise circumstances does not mean that relief is unavailable."  *Id.* at 7.  Defendants reiterate arguments made before Judge Lehrburger, Defs. Opp. at 4–5, and, accordingly, the Court shall review this objection for clear error, *see Wallace*, 2014 WL 2854631, at *1.  The Court finds none.

      Third, Defendants contend that the R&R erred in "conclud[ing] that because [Defendants] learned of the collapse of their capital source early in 2021, they should have sought relief under Rule 60(b)(6) far earlier than September 26, 2022."  Defs. Obj. at 8.  This specific objection to the

---

[4] Defendants state that they "will address in greater detail" the "fact that" "they did not complete the restructuring of their debt until late July 2022 and were not in a position to perform until then . . . if they are permitted to file an actual motion."  Defs. Obj. at 5.  Defendants reiterate arguments made in their pre-motion letter, opposition papers, and objections to the R&R.  Under these circumstances, Defendants' representation that they will address the same arguments "in greater detail," without any indication that they will present additional arguments or evidence, rings hollow.  *See NMD Interactive, Inc.*, 2017 WL 993069, at *3 n.3.

R&R triggers *de novo* review.

"A motion under Rule 60(b)(6) must be made 'within a reasonable time' after entry of the judgment, and a court 'will not examine the merits of a judgment if the motion to set it aside was untimely.'" *Cruz v. Smith*, No. 05 Civ. 10703, 2022 WL 4951539, at *2 (S.D.N.Y. Oct. 4, 2022) (citations omitted); Fed. R. Civ. P. 60(c)(1). "Courts in this circuit have routinely held that a significant delay constitutes grounds for the denial of a Rule 60(b)(6) motion." *Pathare v. Klein*, No. 06 Civ. 2202, 2012 WL 1353217, at *2 (S.D.N.Y. Apr. 17, 2012) (collecting cases); *see also Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 190 n.8 (2d Cir. 2006) ("[E]xtraordinary circumstances . . . typically do not exist where the applicant fails to move for relief promptly." (cleaned up)).

On September 23, 2020, the Court "so-ordered" the parties' settlement, which they executed on September 22, 2020. ECF No. 186. At that time, Defendants had a "sole source of operating capital." Defs. Opp. at 3. Defendants state that they learned of the "unexpected" collapse of that capital source in March 2021. *Id.* However, Defendants did not move for relief under Rule 60(b)(6) until September 26, 2022, and only after Algoma moved to enforce the settlement agreement on August 29, 2022. Defs. Opp.; ECF No. 198. Defendants note that they "could not make the payments or coal deliveries called for in the [s]ettlement [a]greement," but "they are now prepared to ship coal to Algoma at a substantial discount to the market price, similar to the arrangement contemplated in the [s]ettlement [a]greement." Defs. Opp. at 3–4. Defendants also state that they "do not . . . have the ability to pay a $5.75 million judgment." ECF No. 207-1 ¶ 12.

The Court concludes that Defendants failed to move for relief under Rule 60(b)(6) within a reasonable time. Fed. R. Civ. P. 60(c)(1). Defendants provide no explanation for their

eighteen-month delay.  They instead suggest that they waited until their financial situation improved to move for relief.  *See generally* Defs. Opp.  Because Defendants have not justified their significant delay in moving for relief, the Court finds that their motion is untimely.

Lastly, Defendants argue that the Court should not award attorney's fees to Algoma.  The R&R rejected Defendants' argument that "Algoma may not recover its attorneys' fees to enforce the [s]ettlement [a]greement because Algoma has not moved for entry or enforcement of the [c]onsent [j]udgment" for "elevat[ing] form over substance."  R&R at 9.  Defendants contend that the R&R "ignores both the plain language of the settlement agreement and the fact that the [c]onsent [j]udgment is only against two of the [D]efendants."  Defs. Obj. at 10.  Again, Defendants restate their original arguments.  Defs. Opp. at 5–6.  The Court is not "left with the definite and firm conviction that a mistake has been committed."  *Easley*, 532 U.S. at 242 (citation omitted).

The parties' objections are otherwise conclusory and general, or restate the parties' original arguments.  *Wallace*, 2014 WL 2854631, at *1; *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).  The Court has reviewed the remainder of the thorough and well-reasoned R&R for clear error and finds none.  Accordingly, the Court OVERRULES Defendants' objections to the R&R and ADOPTS the R&R's conclusions.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendants' objections to the R&R, ADOPTS the R&R's conclusions, GRANTS Algoma's motion to enforce the settlement agreement, and DENIES Defendants' Rule 60(b)(6) motion.

The Clerk of Court is directed to terminate the motion at ECF No. 198 and enter judgment

consistent with the R&R in favor of Algoma "in the amount of $5.75 million, plus post-judgment interest, and reasonable attorneys' fees expended in connection with Algoma's motion to enforce the [s]ettlement [a]greement." R&R at 10; *see id.* at 2, 8. In order to determine the amount of reasonable attorney's fees, by **September 5, 2023**, Algoma shall "submit an application for attorney's fees with the appropriate supporting material." *Id.* at 10.

    SO ORDERED.

Dated: August 2, 2023
      New York, New York

_____
ANALISA TORRES
United States District Judge

9